# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MATTHEW WHITFIELD, | ) |
|             Plaintiff, | ) Case No. _____ |
| v. | ) JURY TRIAL DEMANDED |
| CONTANGO OIL & GAS COMPANY, JOHN C. GOFF, WILKIE S. COLYER, JR., B.A. BERILGEN, LON MCCAIN, JOSEPH J. ROMANO, KAREN SIMON, JANET PASQUE, INDEPENDENCE ENERGY LLC, IE OPCO LLC, IE PUBCO INC., IE L MERGER SUB LLC, and IE C MERGER SUB INC., | ) |
|             Defendants. | ) |

## **COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

## **NATURE OF THE ACTION**

1. This action stems from a proposed transaction announced on June 8, 2021 (the "Proposed Transaction"), pursuant to which Contango Oil & Gas Company ("Contango" or the "Company") will merge with Independence Energy LLC ("Parent"), IE OpCo LLC ("OpCo"), IE PubCo Inc. ("New PubCo"), IE L Merger Sub LLC ("L Merger Sub"), and IE C Merger Sub Inc. ("C Merger Sub," and together with Parent, OpCo, New PubCo, and L Merger Sub, "Independence Energy").

2. On June 7, 2021, Contango's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into a transaction agreement (the "Transaction

Agreement") with Independence Energy. The Transaction Agreement provides for the combination of Contango's business with the business of Independence Energy (the "Proposed Transaction").

3. On July 23, 2021, defendants filed a Form S-4 Registration Statement (the "Registration Statement") with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction.

4. The Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Registration Statement.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Contango common stock.

9. Defendant Contango is a Texas corporation and a party to the Transaction Agreement. Contango's common stock is traded on the New York Stock Exchange, which is headquartered in New York, New York, under the ticker symbol "MCF."

10. Defendant John C. Goff is a director of the Company.

11. Defendant Wilkie S. Colyer, Jr. is Chief Executive Officer and a director of the Company.

12. Defendant B.A. Berilgen is a director of the Company.

13. Defendant Lon McCain is a director of the Company.

14. Defendant Joseph J. Romano is a director of the Company.

15. Defendant Karen Simon is a director of the Company.

16. Defendant Janet Pasque is a director of the Company.

17. The defendants identified in paragraphs 10 through 16 are collectively referred to herein as the "Individual Defendants."

18. Defendant Parent is a Delaware limited liability company and a party to the Transaction Agreement.

19. Defendant New PubCo is a Delaware corporation and a party to the Transaction Agreement.

20. Defendant OpCo is a Delaware limited liability company and a party to the Transaction Agreement.

21. Defendant C Merger Sub is a Delaware corporation and a party to the Transaction Agreement.

22. Defendant L Merger Sub is a Delaware limited liability company and a party to the Transaction Agreement.

## SUBSTANTIVE ALLEGATIONS

*Background of the Company and the Proposed Transaction*

23. Contango is an independent oil and natural gas company with offshore properties in the shallow waters of the Gulf of Mexico and onshore properties in Texas, Oklahoma, Wyoming, and Louisiana.

24. On June 7, 2021, Contango's Board caused the Company to enter into the Transaction Agreement.

25. The Transaction Agreement provides for the combination of Contango's business with the business of Independence Energy.

26. According to the press release announcing the Proposed Transaction:

Independence Energy, LLC ("Independence") and Contango Oil & Gas Company (NYSE American: MCF) ("Contango" or the "Company") today announced that they have entered into a definitive agreement to combine in an all-stock transaction. The combination, which was unanimously approved by both companies' Boards of Directors, will create a premier, diversified and low leverage U.S. independent oil and gas company focused on consolidation. . . .

Upon completion of the transaction, Independence shareholders will own approximately 76 percent and Contango shareholders will own approximately 24 percent of the combined company. Based on Contango's closing stock price of $5.62 on June 7, 2021, and pursuant to the terms of the proposed transaction, the combined company will have an initial equity market capitalization of approximately $4.8 billion and enterprise value of approximately $5.7 billion. . . .

The combined business will be managed by KKR's Energy Real Assets team and led by David Rockecharlie, Head of KKR Energy Real Assets, who will serve as Chief Executive Officer. Contango's Chairman and largest shareholder, John Goff, will be Chairman of the Board of Directors of the combined company. Contango's senior leadership, including CEO Wilkie Colyer and President Farley Dakan, will continue managing Contango as an operating subsidiary of the combined company and focus on growth via acquisitions. . . .

Transaction Details

Under the terms of the transaction agreement, Independence will merge with an operating subsidiary ("OpCo") of a new parent company, which will become a

4

publicly traded entity at closing, and Contango will become a wholly owned subsidiary of OpCo

The new company at closing will have an "Up-C" structure. Contango shareholders will receive Class A Common Stock representing voting and economic rights in the new parent company. Independence's owners will receive Class B Common stock representing voting rights in the new parent company and corresponding limited liability company units representing economic interests in OpCo. . . .

Timing and Approvals

The transaction is expected to close late in the third quarter or early in the fourth quarter of 2021, subject to the approval of Contango shareholders, certain regulatory approvals and satisfaction of other customary closing conditions.

A voting agreement has been signed by John Goff, Contango's largest current shareholder, pursuant to which he has agreed to vote in favor of the transaction, subject to certain specified exceptions. . . .

Advisors

Jefferies LLC is serving as lead financial advisor to Contango, and Gibson, Dunn & Crutcher LLP is serving as legal counsel. Wells Fargo Securities LLC is serving as financial advisor to Independence, and Vinson & Elkins LLP is serving as legal counsel.

***The Registration Statement Omits Material Information, Rendering It False and Misleading***

27.     Defendants filed the Registration Statement with the SEC in connection with the Proposed Transaction.

28.     As set forth below, the Registration Statement omits material information.

29.     First, the Registration Statement omits material information regarding the Company's and Independent Energy's financial projections.

30.     The Registration Statement fails to disclose: (i) all line items used to calculate the projections; (ii) a reconciliation of all non-GAAP to GAAP metrics; and (iii) projected synergies.

31.     The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows

stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

32. Second, the Registration Statement omits material information regarding the analyses performed by the Company's financial advisor, Jefferies LLC ("Jefferies").

33. With respect to Jefferies' Net Asset Value Analysis – Contango, the Registration Statement fails to disclose: (i) the individual inputs and assumptions underlying the discount rates; (ii) Contango's general and administrative expenses and hedge book value; and (iii) the Company's net debt.

34. With respect to Jefferies' Net Asset Value Analysis – Independence, the Registration Statement fails to disclose: (i) the individual inputs and assumptions underlying the discount rates; (ii) Independence Energy's general and administrative expenses and hedge book value; and (iii) net debt.

35. With respect to Jefferies' Discounted Cash Flow Analysis – Contango, the Registration Statement fails to disclose: (i) the unlevered free cash flows used in the analysis and all underlying line items; (ii) the terminal values of the Company; (iii) Jefferies' basis for selecting the multiples used in the analysis; (iv) the individual inputs and assumptions underlying the discount rates; and (v) the Company's net debt.

36. With respect to Jefferies' Discounted Cash Flow Analysis – Independence, the Registration Statement fails to disclose: (i) the unlevered free cash flows used in the analysis and all underlying line items; (ii) the terminal values; (iii) Jefferies' basis for selecting the multiples used in the analysis; (iv) the individual inputs and assumptions underlying the discount rates; and (v) net debt.

37. With respect to Jefferies' Contango Standalone Present Value of Future Share Price Analysis, the Registration Statement fails to disclose: (i) Jefferies' basis for selecting the multiples used in the analysis; (iv) the individual inputs and assumptions underlying the discount rate.

38. With respect to Jefferies' Precedent Transaction Analysis, the Registration Statement fails to disclose: (i) the closing dates for the transactions; and (ii) the total values of the transactions.

39. When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

40. Third, the Registration Statement fails to disclose whether the Company entered into any nondisclosure agreements that contained "don't ask, don't waive" provisions.

41. The omission of the above-referenced material information renders the Registration Statement false and misleading.

42. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

**Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Contango**

43. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

44. The Individual Defendants disseminated the false and misleading Registration Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. Contango is liable as the issuer of these statements.

45. The Registration Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Registration Statement.

46. The Individual Defendants were at least negligent in filing the Registration Statement with these materially false and misleading statements.

47. The omissions and false and misleading statements in the Registration Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Registration Statement and in other information reasonably available to stockholders.

48. The Registration Statement is an essential link in causing plaintiff to approve the Proposed Transaction.

49. By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

50. Because of the false and misleading statements in the Registration Statement, plaintiff is threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants and Independence Energy

51. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

52. The Individual Defendants and Independence Energy acted as controlling persons of Contango within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as officers and/or Board members of Sterling and participation in and/or awareness

of the Company's operations and/or intimate knowledge of the false statements contained in the Registration Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

53. Each of the Individual Defendants and Independence Energy was provided with or had unlimited access to copies of the Registration Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

54. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Registration Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Registration Statement.

55. Independence Energy also had supervisory control over the composition of the Registration Statement and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the Registration Statement.

56. By virtue of the foregoing, the Individual Defendants and Independence Energy violated Section 20(a) of the 1934 Act.

57. As set forth above, the Individual Defendants and Independence Energy had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the

1934 Act. As a direct and proximate result of defendants' conduct, plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Registration Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E. Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

| | |
|---|---|
| Dated: August 19, 2021 | **RIGRODSKY LAW, P.A.** |
| | By: */s/ Gina M. Serra* |
| | Seth D. Rigrodsky |
| | Timothy J. MacFall |
| | Gina M. Serra |
| | Vincent A. Licata |
| | 825 East Gate Boulevard, Suite 300 |
| | Garden City, NY 11530 |
| | (516) 683-3516 |
| | sdr@rl-legal.com |
| | tjm@rl-legal.com |
| | gms@rl-legal.com |
| | vl@rl-legal.com |
| | |
| | *Attorneys for Plaintiff* |

11